

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00077-CV
_____

**THE ESTATE OF PAUL V. BUSH, DECEASED**

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2018-781,469, Honorable Ben Webb, Presiding

August 24, 2021

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and BRANCHEAU,[1] JJ.

On April 30, 2021, appellant, Leslie Doggett, appealed the trial court's *Order Denying Movant's Objection to Admitting Will to Probate*. Previously, this Court abated the appeal and remanded the cause to the trial court for entry of findings of fact and conclusions of law. Before us now is *Appellant's Second Motion to Abate Appeal for Reconsideration of Findings of Fact and Conclusions of Law*. We grant the motion and remand the cause to the trial court for entry of findings of fact and conclusions of law in accordance with this order.

_____

[1] Honorable Curt Brancheau, Judge, 84th District Court, sitting by assignment.

In October and December of 2020, the present case was tried to the bench before the Honorable Ann-Marie Carruth, presiding judge of the County Court at Law No. 3. On February 2, 2021, Judge Carruth issued the order denying Doggett's objection to admitting the will to probate. On February 8, Doggett timely requested findings of fact and conclusions of law in accordance with Texas Rule of Civil Procedure 296. When Judge Carruth did not issue her findings and conclusions by February 29, the date they were due, Doggett timely filed notice of past due findings of fact and conclusions of law. However, after the subsequent deadline for those findings and conclusions passed without their issuance, Doggett moved this Court to abate the appeal and remand the cause for entry of findings and conclusions. While the request for findings and conclusions was pending, Judge Carruth was appointed to the 72nd Judicial District Court and Judge Ben Webb was appointed to County Court at Law No. 3. We granted Doggett's motion, abated the appeal, and remanded the cause to the trial court. *See In re Estate of Bush*, No. 07-21-00077-CV, 2021 Tex. App. LEXIS 4895, at *3 (Tex. App.—Amarillo June 18, 2021, no pet.) (order) (per curiam). In our order, we explained that,

> While Judge Carruth heard this case and issued the order from which Doggett appeals, we conclude that Judge Carruth was obligated to and did resign from her position as the presiding judge of County Court at Law No. 3. Judge Webb was appointed to fill the vacant position. Rule 18 of the Texas Rules of Civil Procedure allows a successor judge to make findings of fact and conclusions of law when the preceding judge has died, resigned, or become disabled during her term of office. TEX. R. CIV. P. 18; *In re J.D.H.*, No. 05-14-00504-CV, 2016 Tex. App. LEXIS 7638, at *15 (Tex. App.—Dallas July 18, 2016, no pet.).

> Accordingly, we now abate this appeal and remand the cause to the trial court to issue findings of fact and conclusions of law under Texas Rule of Civil Procedure 18. *See* TEX. R. CIV. P. 297; TEX. R. APP. P. 44.4(b). The trial court shall cause its findings and conclusions to be included in a supplemental clerk's record to be filed with the Clerk of this Court no later than Wednesday, July 28, 2021.

On July 20, 2021, a supplemental clerk's record was filed with this Court containing findings of fact and conclusions of law. On this basis, the cause was reinstated on this Court's docket. However, these findings and conclusions were issued by Judge Carruth rather than Judge Webb. As a result, Doggett filed *Appellant's Second Motion to Abate Appeal for Reconsideration of Findings of Fact and Conclusions of Law*. By her motion, Doggett argues that this Court's order remanded the cause to the trial court for entry of findings and conclusions by Judge Webb, and the findings issued by Judge Carruth were issued without jurisdiction.

We agree with Doggett's analysis. In our remand order, we concluded that "Judge Carruth was obligated to and did resign from her position as the presiding judge of County Court at Law No. 3." When the judge that heard a case resigns, Texas Rule of Civil Procedure 18 provides that "all motions undisposed of shall be heard and determined by [the successor judge]." TEX. R. CIV. P. 18; *see In re J.D.H.*, No. 05-14-00504-CV, 2016 Tex. App. LEXIS 7638, at *15 (Tex. App.—Dallas July 18, 2016, no pet.) (mem. op.). Because Judge Carruth resigned her position, we concluded that she did not have jurisdiction to enter findings and conclusions in the absence of an express order from this Court remanding the case to her to take that action.

Because Judge Carruth's findings and conclusions were entered outside of the time during which she had plenary authority to issue them and as our order remanded the cause to Judge Webb for the limited purpose of entering findings of fact and conclusions of law, we grant Doggett's motion to the extent she asks us to abate the appeal and remand the cause to the trial court to allow Judge Webb to enter findings of fact and conclusions of law. *See* TEX. R. CIV. P. 18, 297; TEX. R. APP. P. 44.4(b). The trial court

3

shall cause its findings and conclusions to be included in a supplemental clerk's record to be filed with the Clerk of this Court no later than Friday, October 8, 2021.

Per Curiam